## ALLIN HUNT, Administrator, &c. *versus* JOSEPH SPAULDING.

The filing of a claim in set-off, by a defendant, is equivalent to the commencement of an action thereon, so far as regards the statute of limitations ; and if the plaintiff discontinue his action, the defendant may prevent his claim from being barred by the statute, by commencing an action thereon within three months thereafterwards, although the time of limitation have expired.

On a case stated it appeared, that this was assumpsit on five promissory notes, given by the defendant to the plaintiff's intestate, and dated November 30th, 1822, May 26th, 1828, February 16th, 1829, May 13th, 1829, and September 5th, 1829, respectively. The notes were payable on demand and were not witnessed. The writ was dated the 12th of May, 1835, and served on the 15th.

The defendant relied upon the statute of limitations as a bar to all the notes which were of more than six years standing at the time of the commencement of the action.

The plaintiff, in order to avoid the statute of limitations, relied upon the following facts :

On May 21st, 1833, Spaulding commenced an action against Hunt, the present plaintiff, to recover a claim against the intestate ; and on the 27th of the same month Hunt filed the notes in set-off against the claims of Spaulding, in pursuance of the law in such case provided. That action was continued to the March term of the Court of Common Pleas in 1834, and was then brought, by appeal, to this Court by Spaulding, and continued from term to term until the April term 1835, when Spaulding obtained leave to discontinue his action, notwithstanding Hunt objected thereto. The discontinuance was subsequently affirmed by the whole Court. Hunt thereupon brought the present action on the notes ; and Spaulding filed in set-off in this action his claims against the intestate. Spaulding did not give any notice, that he should move for leave to discontinue his action, nor assign any reason for discontinuing it, until the case was argued before the whole Court.

The present case was referred to the whole Court, without

argument, to determine which of the notes in question, if any, were barred by the statute of limitations, at the commencement of the present action.

*Eddy* and *Cushman*, for the defendant.

*A. Bassett* and *Wilkinson*, for the plaintiff.

PUTNAM J. drew up the opinion of the Court. We are all of opinion, that the filing of the notes as a set-off in the suit which Spaulding commenced against Hunt, in May, 1833, is to be considered as the bringing an action upon the notes. They were filed on May 27th, 1833.

By *St.* 1793, *c.* 75, § 2, it is provided, that when any action which hath been or shall be declared in as aforesaid, (that is, within the term of six years, &c.) and in which the writ purchased therefor has failed of a sufficient service or return by any unavoidable accident, or by the default, negligence or defect of any officer to whom such writ was or shall be duly directed, or when such writ shall be abated or the action thereby commenced shall be avoided by demurrer or otherwise for informality of proceedings, then and in any such case the plaintiffs or plaintiff, or his or her executor or administrator, may commence another action upon the same demand and shall thereby save the limitation thereof, &c. provided, that such second action shall be commenced, &c. at the next Court of Common Pleas, &c. within three months next after the court whereto the former writ was or shall be returnable, or wherein judgment of abatement or other avoidance of such suit shall happen, and not afterwards.

The action of Spaulding against Hunt was discontinued in April, 1835 ; and the claim of the now plaintiff upon the notes which he had filed, was avoided, and that proceeding was effected by Spaulding against the prayer of Hunt.

The *St.* 1784, *c.* 28, provides, that defendants may file their accounts, and that they may recover a balance in the same manner as if they had brought their action therefor. And by the 4th section of the statute of 1793, if the statute of limitations shall be objected to the matter filed as a set-off, it should be considered and allowed in the same manner as if an action had been duly commenced thereon by declaring in the same. See Revised Stat. *c.* 120, § 19 ; and *St.* 1834, *c.* 182, § 4,

provides for the same application of the law, as to debts on simple contracts, "alleged by way of set-off on the part of any defendant, either by plea, filing or otherwise :" thus placing the filing of the set-off upon the same ground as the commencement of an action by the defendant.

By the act of the now defendant the claim of the plaintiff upon the notes was avoided ; and this action having been commenced within three months next afterwards, it puts the rights of the plaintiff upon the same ground as they stood at the time when he attempted to enforce the notes by filing them, as is before stated.

So we are all of opinion, that the only note which at the time of filing was barred by the statute, is that which bears date on the 30th of November, 1822 ; all the others are saved from the operation of the statute by filing the same and afterwards commencing this action to recover the same.